CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 25 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JERVON L. HERBIN,
    Petitioner,

v.

CHAIRMAN, U.S. PAROLE
COMMISSION,
    Respondent.

Civil Action No. 7:06-cv-00598

MEMORANDUM OPINION

By: Hon. James C. Turk
Senior United States District Judge

Petitioner Jervon L. Herbin, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. Herbin challenges the validity of his confinement under a detainer lodged against him by the United States Parole Commission based on a warrant charging him with violating his parole from a 1990 District of Columbia Code criminal sentence.[1] The respondent has filed a motion to dismiss, and petitioner has responded, making the matter ripe for disposition. Upon review of the record, the court concludes that the motion to dismiss must be granted.

I.

Herbin pled guilty in the Superior Court of the District of Columbia to the 1989 crimes of Unauthorized Use of a Vehicle and Assault with Intent to Rape. For these crimes, respectively, the court sentenced him on October 18, 1990, to a four-month to twelve-month term and a six-month to fifteen -year term of imprisonment, with the terms to be served consecutively. On October 19, 1990, the D.C. Department of Corrections calculated that the full term date of Herbin's sentence was September 28, 2006.

The D. C. Board of Parole (DCBP) granted Herbin parole to supervision on March 31, 1993. He was released on parole on May 13, 1993, with a full term date of September 28, 2006. Authorities arrested Herbin in Loudon County, Virginia, on January 28, 1996, and charged him with Assault with Intent to Commit Rape, two counts of Sodomy, and Malicious Wounding. His D.C.

---

[1] Herbin is currently serving a 92-year Virginia sentence imposed in 1997 for abduction, malicious wounding, forcible sodomy, and attempted rape.

1

probation officer reported to the DCBP on January 30, 1996, that Herbin had violated the conditions of his parole through the use of illegal drugs on October 24, 1995. On February 2, 1996, the DCBP issued a detainer warrant for Herbin's arrest "based on allegations of criminal and noncriminal violations of parole."

Jurisdiction over the DCBP's detainer warrant against Herbin transferred to the United States Parole Commission (USPC) on August 21, 2000, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997.[2] Herbin wrote to the USPC in July 2001, asking that the detainer based on the D. C. parole violator warrant be lifted. In response to this letter, the USPC requested and obtained information from the Commonwealth of Virginia regarding Herbin's pending term of imprisonment in that jurisdiction, in order to review the D.C. parole warrant and determine whether it should remain in place. The Virginia information indicated that the Loudon County Circuit Court sentenced Herbin on June 6, 1997, to a total term of 92 years for Abduction, Malicious Wounding, Attempted Rape, and two counts of Forcible Sodomy. After reviewing the Virginia documents, the USPC issued a supplemental warrant application to add the fact of Herbin's Virginia convictions to the parole violation charges against him. The USPC then decided to let the D.C. detainer stand against Herbin, based on the egregious nature of his Virginia crimes.[3] The USPC notified Herbin on September 10, 2002, of its decision to maintain the detainer.

Herbin filed the present § 2241 petition on or about October 6, 2006, alleging the following grounds for relief:

1. Maintenance of the parole detainer against him for a sentence that has expired is a restraint on his liberty violates the Eighth Amendment;

---

[2]On August 5, 2000, pursuant to the National Capital Revitalization & Self-Government Improvement Act, the parole authority of the D. C. Board of Parole was transferred to the USPC. See Allston v. Gaines, 158 F. Supp.2d 76, 78 (D.D.C. 2001). Pursuant to its statutory authority, the USPC promulgated 28 C.F.R. 2.98(g), which states that every warrant issued by the D.C. Board of Parole before August 5, 2000, "shall be deemed to be a valid warrant of the United States Parole Commission unless withdrawn by the Commission."

[3]The victim of Herbin's Virginia crimes was a friend of his who had opened her home to him while he recovered from a gunshot injury; he stabbed her twice in the breast and once in the abdomen during the assault on which the Virginia charges were based.

2

2. Refusal to lift the detainer violates petitioner's right to due process; and

3. Refusal to lift the detainer violates petitioner's right to equal protection.

In his response to the motion to dismiss, Herbin also argues that: (a) he is entitled to statutory good time credit on the front and back end of the D.C. sentence, which changes the date of his sentence expiration; (b) refusal to comply with laws in effect at the time of Herbin's convictions violates the Ex Post Facto Clause; (c) the Parole Commission "lacks the statutory authority to indefinitely toll" the expiration of Herbin's D.C. sentence and Herbin is therefore entitled to jail credit time against the D.C. sentence from February 2, 1996, the date of the warrant execution, until the present; and (d) respondent failed to execute the supplemental warrant, which renders his continued confinement under the detainer unlawful.

II.

The court has reviewed the records provided by the respondent, along with the petition and Herbin's response to the motion to dismiss, and finds no ground upon which Herbin is entitled to habeas relief. The detainer, based on alleged violations of his D.C. parole, was properly filed and maintained against him, and the underlying criminal sentence has not yet terminated so as to render the detainer moot. For the reasons herein stated, the motion to dismiss must be granted.

It is a well established doctrine of due process that the USPC,

> after the issuance of its parole violators warrant, is obligated, as a matter of fundamental fairness, to execute with reasonable dispatch its parole violators warrant and, after the warrant has been executed, to accord to the parolee his due process rights to a hearing within a reasonable time.

Gaddy v. Michael, 519 F.2d 669, 672 (4th Cir. 1975). A parole violator warrant is not "executed" until the violator is taken into the custody of the USPC under the warrant. Moody v. Daggett, 429 U.S. 85, 86-89 (1976). A "reasonable" time period for execution of the warrant is not an inflexible constant, however, but rather, must be determined under the circumstances of each particular case. Gaddy, 519 F.2d at 673. The United States Court of Appeals for the Fourth Circuit has long recognized that where the USPC has issued its parole violator warrant before the expiration of the sentence on which it is based, the USPC may then reasonably delay execution of that warrant while

3

the violator serves an intervening criminal sentence. Id. at 674. See also 28 C.F.R. § 2.98(e) ("The issuance of a warrant under this section operates to bar the expiration of the [D.C.] parolee's sentence. Such a warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time pursuant to D.C. Code 24-406(a).").

Moreover, even where such a delay in disposition of a parole warrant may be arguably unreasonable, the parolee-prisoner is not entitled to habeas relief on due process grounds unless he also demonstrates specific prejudice resulting from the delay. Gaddy, 519 F.2d at 677. Since the USPC could grant Herbin the equivalent of a concurrent sentence on the parole violation, no matter when it is executed to take him into federal custody, delay of possible concurrent sentencing is not sufficient prejudice requiring earlier disposition of the warrant. Moody, 429 U.S. at 279. When the violator warrant is based on a criminal conviction, the parolee-prisoner may not prove sufficient prejudice by showing that the pendency of the detainer has caused him to receive a higher security classification, to lose prison privileges or rehabilitative opportunities, or to suffer a decrease in one's ability to earn good conduct credit against his sentence. Id. Not "every state action carrying adverse consequences for prison inmates automatically activates a due process right," and a federal prisoner has no protected liberty interest in these privileges. Id.; Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir. 1977) (finding that inmates have no constitutional right to rehabilitative programs). Furthermore, these restrictions on inmates with detainers are rationally related to the fact of the parolee-prisoner's criminal record and past behavior; as such, they do not give rise to any equal protection claim. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) (finding no equal protection claim if different treatment of otherwise similarly situated inmates is rationally related to legitimate state interest).

Under these principles, Herbin clearly has no ground for habeas relief. First, contrary to Herbin's allegations, his D.C. sentence has not expired. D.C. officials calculated the sentence expiration date of September 28, 2006, based on the assumption that Herbin would continue serving

4

prison time and then later, would serve parole time toward satisfaction of that sentence. If he had successfully maintained his parole status, the sentence would have expired on the stated expiration date. That sentence stopped running, however, when the DCBP issued its initial parole violation warrant in February 1996, charging Herbin with "criminal and noncriminal" violations of the conditions of his parole.[4] Thus, the USPC is not "confining" him under the parole detainer past the expiration of his sentence.[5]

Second, maintenance of the detainer has not violated Herbin's constitutional rights in any way. Herbin claims that the supplemental warrant issued in 2006 has never been executed on him. This statement is correct, as neither the 1996 warrant nor the 2006 warrant has been executed against him, but this fact clearly does not entitle him to habeas relief. Execution of the warrants will not occur until Herbin is taken into federal custody under the warrants. Currently, he is in Virginia custody, serving a lengthy Virginia sentence, and the detainer reserves the USPC's authority to execute the warrants after he completes that Virginia sentence. Under established law, this delay is not constitutionally unreasonable. Moreover, the fact that the detainer places him in a higher security classification and limits his ability to participate in rehabilitation programs does not implicate any constitutionally protected right.

Third, Herbin has received due process. The USPC provided Herbin the appropriate procedural protection when it reviewed the status of its warrant and detainer in 2002. See 28 C.F.R.§ 2.1000(c)(3) (requiring USPC to review detainer at request of parolee-prisoner who is serving new criminal sentence). After the review, however, the USPC exercised its authority to let

---

[4]Because the initial warrant included criminal violations, the date on which the supplemental warrant issued has no bearing on the running of Herbin's D.C. sentence; its operation was already suspended, based on the initial warrant, and the supplemental warrant merely added the details about Herbin's Virginia convictions and sentences.

[5]The court decision on which Herbin relies, Owens v. Gaines, 219 F. Supp.2d 94, 101 (D.D.C. 2002), is distinguishable from this case. Although the USPC issued a warrant and then later a supplemental warrant against the petitioner in Owens, the original warrant was actually executed and the underlying sentence expired before issuance of the supplemental warrant, which was based on alleged violations of different parole conditions. Id. As stated, the USPC has never executed either of the pending warrants against Herbin, and the D.C. sentence has not expired.

the detainer stand until the new sentence is completed. In short, Herbin has no due process right to have the USPC lift the detainer or execute these warrants before he completes his Virginia sentence.

Herbin argues that the USPC cannot indefinitely toll the expiration of his D.C. sentence. While this statement is true, the USPC does have authority to toll the sentence in this case until Herbin completes the Virginia sentence. Because the DCBP issued the warrant more than ten years before the expiration of the D.C. sentence, it tolled and continues to toll the D.C. sentence and maintains the USPC's jurisdiction to execute the warrant against him, revoke his D.C. parole, and sentence him to additional prison time.

Fourth, Herbin's good conduct time argument fails. He was entitled to (and received) "good time" sentence credits during his previous term of incarceration under the D.C. sentence, entitling him to a mandatory release date from that sentence on June 26, 2001. If the DCBP had not ordered him released on discretionary parole before this mandatory date, he would have been released by operation of law to parole supervision on June 26, 2001. The DCBP released him on discretionary parole in March 1993, however, well before his mandatory release date based on good time. Herbin will not earn additional good conduct time related to the D.C. sentence unless and until he is taken into custody pursuant to the warrant and receives additional prison time for his parole violations.[6] See D. C. Code § 24-406(a) (West 2001).

In conclusion, the court cannot find that the parole violator detainer or its continued pendency against Herbin are illegal in any way. Accordingly, the court will grant the motion to dismiss. An appropriate order shall be issued this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 25th day of April, 2007.

*James C. Turk*
Senior United States District Judge

---

[6] Herbin also has no ex post facto claim, as he fails to demonstrate that he is any worse off than he would have been if the DCPB still had jurisdiction over his parole warrants and detainer. See Fletcher v. Reilly, 433 F.3d 867, 877 (D.C. Cir. 2006), citing Garner v. Jones, 529 U.S. 244, 251 (2000).